NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2026 IL App (4th) 251122-U

NO. 4-25-1122

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
June 30, 2026
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellant, | ) | Circuit Court of |
| v. | ) | McLean County |
| TAYLOR BROWN, | ) | No. 24CF80 |
| Defendant-Appellee. | ) | |
| | ) | Honorable |
| | ) | William A. Yoder, |
| | ) | Judge Presiding. |

JUSTICE GRISCHOW delivered the judgment of the court.
Justices Zenoff and Vancil concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The appellate court affirmed the trial court's judgment partially granting defendant's motion *in limine*, finding no abuse of discretion in the determination that certain narrative facts leading to defendant's presence at the police station were inadmissible, when the ruling did not impinge upon the State's ability to offer proof the police officers were performing their official duties for purposes of the charge of aggravated battery of a police officer.

¶ 2   Defendant, Taylor Brown, was charged with two counts of aggravated battery of a police officer (720 ILCS 5/12-3.05(d)(4) (West 2022)). Prior to trial, defendant filed a motion *in limine*, which the trial court granted in part and denied in part. The State filed a certificate of impairment, asserting the court's order had the effect of suppressing evidence that substantially impaired the prosecution of the case, and a timely notice of appeal pursuant to Illinois Supreme Court Rule 604(a)(1) (eff. Apr. 15, 2024).

¶ 3   I. BACKGROUND

¶ 4        In February 2023, officers responded to a disagreement between defendant and one of her roommates at their shared apartment. No arrests were made. Later the same day, there was a fire at the apartment. A different roommate called 911 to report the fire, while defendant attempted to extinguish the fire. Defendant was the last person in the room before the fire started, having picked the lock with some scissors to retrieve some of her personal property. Defendant was also the first person to enter the room after the fire erupted.

¶ 5        Fire investigators examined the scene. No accelerant was found, nor could investigators identify two points of origin—the two bases upon which a fire may be classified as arson. No charges were ever filed against defendant or anyone else in connection with the fire.

¶ 6        Officers asked defendant, along with others who had been present in the apartment, to come to the police station to answer some questions regarding the fire. Defendant initially agreed. After waiting for some time and not being questioned, defendant changed her mind and decided she wanted to leave. An officer escorted defendant to the lobby of the police station, where defendant could wait for a ride home. While defendant was waiting in the lobby, the officer told defendant the police would be seizing her cell phone. Defendant was not under arrest, and the police did not have a warrant for the cell phone. Defendant would not surrender her cell phone, which led to police officers forcibly removing her cell phone from her possession by way of a physical struggle that resulted in the charges of aggravated battery of a police officer (720 ILCS 5/12-3.05 (d)(4) (West 2022)). The entire incident was captured on an officer's body camera.

¶ 7        Defendant filed a pretrial motion *in limine*, seeking to prevent the State from using the word "arson" or referring to the fire as a crime at trial. After a hearing on the motion, wherein the State asserted it had no objection to barring the word "arson," the trial court granted

the motion, in part, to exclude any reference to arson or any crime associated with the fire. The court reserved ruling on the parameters of the amount of context for the fire the State would be allowed to present at trial.

¶ 8            Several months later, the trial court addressed unresolved motions, including the parameters of the motion *in limine* and the amount of context for the incident at defendant's apartment the State would be allowed to present at trial. The court indicated it would allow the State to introduce some evidence about the incident at the apartment, why defendant was at the police station, and why the police sought to seize defendant's cell phone. However, the court again reserved ruling, instructing the State to file a written description of what it sought to introduce at trial. The State filed an answer to the motion *in limine*, delineating the specific information it sought to present at trial. The court examined the State's response line by line and ruled the following information would be allowed: (1) the police were called to an apartment because of a disagreement among roommates, including defendant, and the police left without making any arrests; (2) subsequently, defendant entered her roommate's room to recover some of defendant's property and return some of the roommate's property; (3) a short time later, there was a fire in the roommate's room; (4) defendant was part of a group chat with her roommates and had messaged the group regarding the fire; (5) defendant voluntarily went to the police station and was in the lobby when informed the police were seizing her cell phone; and (6) no charges were filed in relation to the fire. The court determined those facts "[laid] out the gist of why [defendant] was there sufficiently, without casting any unnecessary suspicion upon her that would unduly prejudice a jury in this case. And it also adequately, in the Court's opinion, allows the State to explain this continuing narrative of why she was there."

¶ 9            The State filed a certificate of impairment, asserting the trial court's order had the

effect of suppressing evidence that substantially impaired the prosecution of the case, and a notice of appeal. See Ill. S. Ct. R. 604(a)(1) (eff. Apr. 15, 2024) ("In criminal cases the State may appeal only from an order or judgment the substantive effect of which results in *** suppressing evidence.").

¶ 10                                            II. ANALYSIS

¶ 11         The State argues the trial court abused its discretion by excluding certain facts regarding the incident that led to defendant's presence at the police station and the seizure of defendant's cell phone. While the court allowed some details to establish the narrative of events that led to the seizure of defendant's cell phone, the State challenges the omission of the facts that (1) defendant picked the lock on her roommate's door with scissors and (2) she entered the roommate's room with clothes and a candle shortly before the fire was detected. The State contends these two facts were admissible as part of a continuing narrative, to explain the steps in the investigation of a crime, and to establish defendant's motive to batter the police officers. The State argues those facts, coupled with the admissible facts, were relevant because they established the context for the officers' decision to seize defendant's cell phone. Without the additional details, the State contends the jury will be left with the false impression the police were not authorized to seize defendant's cell phone and, instead, acted arbitrarily and aggressively.

¶ 12         Except as otherwise provided by law, all relevant evidence is admissible at trial. Ill. R. Evid. 402 (eff. Jan. 1, 2011). Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Ill. R. Evid. 401 (eff. Jan. 1, 2011). The investigatory steps taken by law enforcement officers are relevant when "necessary and

important to a full explanation of the State's case to the trier of fact." *People v. Lewis*, 165 Ill. 2d 305, 346 (1995); see *People v. Cameron*, 189 Ill. App. 3d 998, 1004 (1989) (" 'In criminal cases, an arresting or investigating officer should not be put in the false position of seeming just to have happened upon the scene; he should be allowed some explanation of his presence and conduct.' " (quoting McCormick's Handbook of the Law and Evidence § 249, at 734 (3d ed. 1984))). While evidence of a defendant's prior bad acts is generally inadmissible to prove the defendant's general propensity to commit a crime, evidence of such prior bad acts may be admissible if relevant to explain the investigatory steps connecting the defendant to the current crime. *Lewis*, 165 Ill. 2d at 346; see *People v. Pikes*, 2013 IL 115171, ¶ 20 ("[E]vidence of other crimes may be admitted if it is part of the 'continuing narrative' of the charged crime."); see also Ill. R. Evid. 404(b) (eff. Jan. 1, 2011) ("Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith [(with certain exceptions)]. Such evidence may also be admissible for other purposes."). When allowing evidence for the purpose of explaining police conduct, "the trial court must carefully assess such [evidence] to ensure that it does not include more than is necessary to explain police conduct." *Cameron*, 189 Ill. App. 3d at 1004.

¶ 13    Evidence, even if relevant, may be inadmissible at trial for a number of reasons, including if "its probative value is substantially outweighed by the danger of unfair prejudice." Ill. R. Evid. 403 (eff. Jan. 1, 2011). While

> "[a]ll evidence is prejudicial in the sense that it compels the factfinder in one
> direction or the other *** [u]nfair prejudice is a term that speaks to the capacity of
> some concededly relevant evidence to lure the factfinder into declaring guilt on a
> ground different from proof specific to the offense charged." (Internal quotation

- 5 -

marks omitted.) *People v. Bliefnick*, 2024 IL App (4th) 230707, ¶ 212. The State acknowledges the prejudicial nature of the additional facts but argues they give context to the fire investigation and are not unfairly prejudicial.

¶ 14        "Generally, evidentiary motions, such as motions *in limine*, are directed to the trial court's discretion, and reviewing courts will not disturb a trial court's evidentiary ruling absent an abuse of discretion." *People v. Way*, 2017 IL 120023, ¶ 18 (quoting *People v. Harvey*, 211 Ill. 2d 368, 392 (2004)). "[A]n abuse of discretion occurs where the trial court's decision is arbitrary, fanciful, or unreasonable to the degree that no reasonable person would agree with it." *People v. McDonald*, 2016 IL 118882, ¶ 32.

¶ 15        Here, defendant was charged with aggravated battery of a police officer. "A person commits aggravated battery when, in committing a battery, other than by discharge of a firearm, he or she knows the individual battered to be *** [a] peace officer *** performing his or her official duties." 720 ILCS 5/12-3.05(d)(4)(i) (West 2022). The State argues the trial court's ruling was an abuse of discretion because it effectively prohibited it from presenting facts necessary to establish the police's seizure of defendant's cell phone was an authorized act.

¶ 16        To convict defendant of aggravated battery of a police officer, the State must prove the officers were executing a good faith performance of their job-related duties when they seized her cell phone, even if those actions were later found to be constitutionally unreasonable or included acts beyond their official job duties. See *People v. McIntosh*, 2020 IL App (5th) 170068, ¶ 57 ("[A] peace officer is executing his 'official duties' when acting in the good faith performance of his job-related duties regardless of whether those actions are later determined to be constitutionally unreasonable."); see also *People v. Smith*, 342 Ill. App. 3d 289, 296 (2003) (holding a correctional officer was still performing his official duties when delivering breakfast

to an inmate, even though he also committed insulting and intimidating acts while doing so). This court has previously held:

> "[T]he pertinent question is not *** whether the victim of the battery was acting in strict compliance with the rules and regulations applicable to a specific occupation. The more appropriate question is whether the victim was engaged in the good-faith performance of a job-related duty or solely in her own personal pursuits unrelated to any actual occupational duty." *People v. Campbell*, 2021 IL App (4th) 190525-U, ¶ 19.

¶ 17　　　　　Here, the record demonstrates the trial court understood the State's need to present some evidence of the events that led to the seizure of defendant's cell phone. It carefully considered defendant's motion and the State's answer, balanced the relevance of each fact and its potential prejudice, and crafted a ruling that balanced both. There is no support in the record for this court to conclude the trial court's decision was arbitrary, fanciful, or unreasonable. The narrative facts the trial court determined were not admissible do not impinge upon the State's ability to offer proof the police officers were performing their official duties. The State will still be able to offer evidence to prove the police officers were acting in good faith in performing their job-related duties when they asked to take possession of defendant's cell phone.

¶ 18　　　　　　　　　　　　　III. CONCLUSION

¶ 19　　　　　For the reasons stated, we affirm the trial court's judgment.

¶ 20　　　　　Affirmed.